FILED'10 FEB 25 17:13 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

STEVEN HARVEY MCCULLOUGH,

        Petitioner,        Civil No. 10-190-CL

        v.        REPORT AND
                RECOMMENDATION

PAULA ALLEN,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition for habeas corpus relief under 28 U.S.C. § 2254, and moves to proceed in forma pauperis (#1).

    Petitioner's Application (#1) is allowed. However, for the reasons set forth below, petitioner's petition should be denied without prejudice and this proceeding should be dismissed.

1 - REPORT AND RECOMMENDATION

Courts may summarily dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Mass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 659 F.2d 1195, 1189 (9th Cir. 1983)).

In this case petitioner alleges that a state post-conviction action concerning the convictions challenged in this proceeding is "pending on appeal." Petition (#2) p. 10.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). A prisoner satisfies the exhaustion requirement by "fairly" presenting his claims to the highest state court with jurisdiction to consider them. Keeney, 112 S.Ct. at 1720; Picard v. Connor, 404 U.S. 270, 276 (1971). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

Petitioner's "pending" post conviction relief appeal

2 - REPORT AND RECOMMENDATION

constitutes an unexhausted state remedy. Accordingly, his claims are not properly before this court on habeas corpus review. Therefore, petitioner's Petition (#2) should be denied without prejudice to bring after the conclusion of his pending state court proceedings.[1] This proceeding should be dismissed.

Petitioner's Motion for appointment of counsel (#3) is denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right

---

[1] Petitioner is advised that under § 2244(d) as amended, a petitioner now has one year from the date a direct appeal is final to file a federal habeas corpus. Rhines v. Webber, 544 U.S. 269, 272 (2005). The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

3 - REPORT AND RECOMMENDATION

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See, *28 U.S.C. § 2253(c)(2).*

DATED this 25 day of February, 2010.

*[signature]*
Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION