FILED' 10 MAR 19 10:14 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN HARVEY MCCULLOUGH,

    Petitioner,

v.

PAULA ALLEN,

    Respondent.

Civ. No. 10-190-CL

**OPINION AND ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R and R") [#6], and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner filed a Motion to Place Petition in Abeyance, Request for Cl[a]rification [#11], which I construe as objections to the R & R. Accordingly, I have reviewed the file of this case de novo. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v.

1 - ORDER

Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the R & R is correct.

Petitioner's objections are, in essence, concerns that should his petition be dismissed without prejudice - to exhaust his pending state post-conviction relief proceedings - any later petition will be "moot" due to petitioner's release from custody. Petitioner's post-conviction relief proceedings are currently pending before the Oregon Court of Appeals. As petitioner is scheduled to be released from prison in roughly two months, he requests this court "place the petition in 'abeyance' rather than dismiss it, or suspend the court's rules, or to use what ever [sic] other proper remedy is required to avoid the aforesaid circumstance of having the petition made moot for lack of petitioner's incarceration." (Motion to Place Petition in Abeyance, Request for Cl[a]rification, 2.)

The court recognizes petitioner proceeds *pro se*. However, the court cannot give petitioner legal advice concerning whether or not petitioner will be able to meet the "in custody" requirement of 28 U.S.C. § 2254. The "in custody" determination will be made only if petitioner chooses to bring another petition upon exhaustion of any state remedies. Here, the petition contains only unexhausted claims. Therefore, the petition may not be held in abeyance and must be dismissed for failure to exhaust. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (district courts have discretion to hold mixed petitions in abeyance pending exhaustion).

2 - ORDER

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#6) is adopted. The petition (#2) is denied and this action is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(2).

IT IS SO ORDERED.

DATED this 19 day of March, 2010.

/s/ Owen M. Panner
OWEN M. PANNER
U.S. DISTRICT JUDGE